MOORE, Judge,
concurring in the result.
The materials provided to us by the parties show that, on February 21, 2013, M.B. (“the father”) filed in the DeKalb Juvenile Court (“the juvenile court”) a pleading entitled “Ex Parte Emergency Petition for Custody.” In that petition, in which M.M.T. (“the mother”) was named as the defendant, the father asserted, in pertinent part:
“1. The Plaintiff is the natural Father and the Defendant is the natural Mother of one (1) minor child, [R.D.B.]....
“2. That on February 18, 2013, the Defendant/Mother left the state and abandoned said child, leaving the care solely dependent on the Plaintiff/Father.
“3. Based on the foregoing, it is in the best interest of the minor child to reside with the Plaintiff/Father.”
The father requested the juvenile court to set the matter for a hearing and to award him custody of the child. The attorney for the father filed an affidavit stating that he had not served the petition on the mother because of her reported erratic behavior. On February 28, 2013, the juvenile court awarded the father ex parte custody of the child pending a hearing scheduled for March 21, 2013.
Section 30-3B-204, Ala.Code 1975, a part of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UC-CJEA”), § 30-3B-101 et seq., Ala.Code 1975, provides, in pertinent part:
“(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.”
*736 The term “court” refers to “[a]n entity authorized under the law of a state to establish, enforce, or modify a child custody determination.” § 30-3B-102(6), Ala. Code 1975. “Abandoned” means “[l]eft without provision for reasonable and necessary care or supervision.” § 30-3B-102(1), Ala. Code 1975.
In Alabama, juvenile courts are authorized to make child-custody determinations only in limited contexts, as outlined in the Alabama Juvenile Justice Act of 2008 (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975. Unless a provision of the AJJA explicitly grants a juvenile court the power to dispose of the custody of a child, the juvenile court, as a statutorily created court of limited jurisdiction, may not make a child-custody determination. See K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010).
Section 12-15-141, Ala.Code 1975, a part of the AJJA, provides, in pertinent part:
“The juvenile court may enter an ex parte order of protection or restraint on an emergency basis, without prior notice and a hearing, upon a showing of verified written or verbal evidence of abuse or neglect injurious to the health or safety of a child subject to a juvenile court proceeding and the likelihood that the abuse or neglect will continue unless the order is issued.”
Upon filing his petition, the father did not make any showing that the child was subject to abuse or neglect injurious to his health or safety or contend that such abuse or neglect was likely to continue absent the entry of an emergency order. To the contrary, the father asserted that the child was in his custody and care and that the mother had left Alabama. Hence, the father did not invoke the emergency jurisdiction of the juvenile court by filing his petition, and, thus, the juvenile court lacked the power to act on that petition under § 12-15-141. See generally J.H. v. J.W., 69 So.3d 870 (Ala.Civ.App.2011) (plurality opinion).
The father’s petition also failed to invoke the dependency jurisdiction of the juvenile court as established in § 12-15-114, Ala. Code 1975, also a part of the AJJA. Although the father alleged that the mother had left the child in Alabama, he did not allege that the child was without provision for reasonable and necessary care or supervision such that the child could be considered abandoned within the meaning of § 30-3B-102(l), thereby permitting the juvenile court to exercise temporary emergency jurisdiction pursuant to § 30-3B-204(a). In fact, the father asserted that, after the mother left Alabama, he had assumed the sole care and custody of the child. The father did not allege that he was not the legal custodian of the child. See Ex parte L.E.O., 61 So.3d 1042 (Ala.2010) (holding that child is dependent if legal custodian abandons child to care of strangers). Hence, the father did not expressly or impliedly plead that the child was without a proper parent or legal custodian to provide for his needs. See § 12-15-102(8), Ala.Code 1975 (defining “dependent child”). Even read broadly, the father’s petition asserted only a custody dispute between the parents of the child, which does not fall within the dependency jurisdiction of the juvenile courts. See § 12-15-114(a) (“A dependency action shall not include a custody dispute between parents.”).
Because the juvenile court never acquired subject-matter jurisdiction, it had no power to enter any orders affecting the custody of the child, and, thus, all of its orders and judgments entered in the underlying proceeding are void. See J.H., supra. Accordingly, I agree that the peti *737 tion for a writ of mandamus filed by the mother is due to be granted.